STATE v. HAYZLETT.

No. 43869.

Supreme Court of Missouri.

Division No. 2.

Feb. 8, 1954.

Motion for Rehearing or to Transfer to Court En Banc Denied March 8, 1954.

Harry K. West, Brookfield, J. K. Owens, I. I. Ozar, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Winston Cook, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Gilbert Warren Hayzlett has been convicted of burglary and larceny and sentenced to four years' imprisonment. The evidence upon which he was convicted was circumstantial, but the circumstances irrefragably point to his guilt. The defendant did not testify and no witnesses were called to testify on his behalf. Briefly, the circumstances were that about 4 o'clock in the morning, December 23, 1951, a policeman saw an automobile, without headlights burning, emerge from an alley which ran past the rear of the Ryther clothing store in Macon. There were two people in the car and the policeman saw and later indentified one of the occupants of the car as Harold Weidlich. The policeman also noted the license number of the car. Ryther's, Incorporated, a men's clothing store, had been burglarized, the combination torn from the safe, and a quantity of men's clothing and other articles had been taken from the store. About 11:30 that same morning police officers saw Hayzlett drive away from a house in Kansas City and arrested him. He was driving his tan-colored Plymouth sedan with the license number noted by the policeman in Macon. In the back seat of his car there were two pieces of luggage, suits, coats and other apparel from Ryther's store and certain tools often used by burglars. A search of the house (with a search warrant) he was seen leaving, Weidlich's, revealed other clothing from Ryther's store and other tools used by burglars, including a "wheel puller" or "pulley puller," a tool that can be used to pull the combination from the door of an ordinary safe. Marks on the store building and the safe were identified as having been made by the tools found in Hayzlett's car and the searched house.

Upon this appeal his counsel have assigned as error and briefed, from the motion for a new trial, the single question of whether he was entitled to a mistrial for the reason that a prosecuting attorney in his argument to the jury, in violation of the mandatory prohibition of the statute, referred to his failure to testify. V.A.M.S. § 546.270. By assigning as error and briefing the single question, any other matter required to be raised and set forth in his motion for a new trial is not open to consideration upon this appeal. 42 V.A.M.S. Supreme Court Rule 28.02; V.A.M.S. § 547.270.

The argument complained of and the circumstances in which it was made were these: Counsel for the state and the defense were allotted thirty minutes on each side in which to argue the case to the jury. There were four lawyers to argue, two on each side, and the prosecuting attorney of Shelby County was making the opening argument for the state. He had re-

viewed, in an unimpassioned manner, the evidence pointing to the defendant's guilt and was urging a verdict of guilty when the sheriff intervened and said, "Ten minutes." Thereupon, the attorney made the statement complained of, *"When the State closed the evidence, what did the defense offer? They offered no evidence at all."* Defense counsel moved for a mistrial and a discharge of the jury for the reason that the argument was "commenting directly or indirectly." The court overruled the motions for a mistrial and the prosecuting attorney concluded his argument. Defense counsel argued and the prosecuting attorney of Macon County made the closing argument for the state. At the conclusion of the arguments the court, in chambers, considered the argument complained of and suggested that counsel had not objected to the argument or asked to have the jury instructed to disregard it, but the court offered "to admonish" the jury to disregard the statement or to instruct the jury upon the subject of the defendant's right to not testify. Defense counsel declined the court's offer and the case was submitted to the jury. Counsel may not have made the precisely proper objection, but it was timely and the reason for it apparent from the objection. If the statement was objectionable as claimed, there was no withdrawal of it by state's counsel, there was no rebuke or other action on the part of the court and, in the circumstances, it may not be said that the offending remark was not objected to at all or its effect erased by any action on the part of counsel or the court. State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582; State v. Conway, 348 Mo. 580, 154 S.W.2d 128; State v. McKeever, 339 Mo. 1066, 101 S.W. 2d 22.

 If the prosecuting attorney in fact, either directly or indirectly, referred to the appellant's failure to testify he is entitled to a new trial. State v. Shuls, 329 Mo. 245, 44 S.W.2d 94; annotation 68 A. L.R. 1108. On the other hand, the statute is limited to its express terms and if the argument did not in point of fact refer to his failure to testify the statutory prohibition has not been violated, or the ap-

pellant's rights infringed within the meaning of the statute. State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22; State v. Conway, 348 Mo. 580, 154 S.W.2d 128. The defendant in a criminal case may testify, V.A.M.S. § 546.270, but, "If the *accused* shall not avail himself or herself of his or her right to *testify* * * * it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, *nor be referred to by any attorney in the case*, nor be considered by the court or jury before whom the trial takes place." V.A.M.S. § 546.-270; Supreme Court Rule 26.08. The key words of the statute, as the state points out, are "accused" and "testify," and the ultimate test of whether the prohibition has been violated is whether the jury's attention was called to the fact that the accused did not testify. Annotation 68 A.L.R., loc. cit. 1108, 1121. Appellant's counsel make no effort to point out or demonstrate that the statement complained of referred to his failure to testify, they merely assert as a fact that it does. Because the case was tried on a change of venue "in the small town of Shelbyville, Missouri, where every juryman knew everyone in the court room with the exception of the defendant himself," it is said to have been evident to the jury that if anyone could or would testify for the defendant, it was the defendant himself. Aside from the fact that the validity of this statement is not supported by anything apparent or inferable from the record, it does not demonstrate that the language referred to the defendant's failure to testify.

The statement is not comparable to the direct reference contained in State v. Dupepe, Mo., 241 S.W.2d 4, 7, "He has absolutely nothing to talk about in this case. He has no evidence. *The defendant has not even testified.*" And it is not comparable to those cases in which only two or three people were or could have been present when the offense was committed and one or two of them testified and the statement inferentially but plainly drew the jury's attention to the fact that the accused had not testified. State v. Shuls,

supra; State v. Snyder, 182 Mo. 462, 82 S.W. 12; State v. Robinson, Mo., 184 S.W. 2d 1017. In State v. Ruck, 194 Mo. 416, 440, 92 S.W. 706, 713, a case of assault with intent to kill, a prosecuting attorney said, " 'Here we have testimony undenied, undisputed by no living, or unliving witness' ". The court pointed out that counsel was not discussing one specific piece of testimony but was discussing the evidence in general and arguing that the evidence was undenied and undisputed which was but another way of stating "that which had been shown beyond contradiction; that the facts were, as he insisted they were", and did not constitute an indirect comment upon the defendant's failure to testify. In State v. De Priest, 288 Mo. 459, 469, 232 S.W. 83, 86, 87, a robbery case, the prosecutor in reviewing the evidence as to the identity of the defendant, the most important issue in the case, said, " 'Now, he had all that opportunity to see this man Brown (De Priest's alias). Now, if Brown did not do anything, and you must say that Brown was there; that is the only testimony you have here; he must have been there; there hasn't been a witness here who says he was not there.' " It was held that the quoted language was not a comment on the defendant's failure to testify. In State v. McCleave, Mo., 256 S.W. 814, 816, a grand larceny case, the prosecuting attorney said, " 'Not a word has come from the * * * defense.' " The court said, "Any argument that damaging testimony introduced against defendant by the state stood undenied and uncontradicted is but another way of saying that the defense offered no witnesses to contradict such testimony. All that is prohibited * * * is reference to the fact that the accused did not avail himself of his right to testify." In State v. Johnson, 362 Mo. 833, 245 S.W. 2d 43, 46, a murder case in which the defendant was sentenced to be executed, a prosecuting attorney said, " 'Now what is there to this case? Pelham Scott has been killed. Shot to death. There sits the man that shot him. Is there any doubt about that in anybody's mind? Did they make any defense of it?' " The court en banc, two judges dissenting, held that the language did not infringe the mandatory inhibition of the statute. In State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660, 662, the argument complained of was " 'and what's on his side of the scale—empty.' " It was held that the bare statement did not demonstrate that attention had been called to the accused's failure to testify. In contrast with these cases is State v. Drummins, 274 Mo. 632, 204 S.W. 271, 275, a seduction under promise of marriage case, in which the prosecuting attorney said, " 'the defendant hadn't stated anything in this case.' " It was held that the remark violated both the letter and the spirit of the statute.

█ Any argument by a state's attorney urging the cogency and compelling force of the state's evidence and a conviction, especially in a case in which there are no witnesses and no evidence on behalf of the accused, may cause the jury to exercise their function of reasoning upon the evidence and finally to observe the apparent fact that the accused not only has no witnesses and no evidence but that he did not testify. But the arguments of state's attorneys under those circumstances do not constitute an infringement of the prohibition of the statute. In this case, in the absence of demonstration upon the record, that the language complained of, "When the State closed the evidence, what did the defense offer? They offered no evidence at all," "referred" directly or indirectly to the failure of the "accused" to "testify," the statement falls within the Ruck, De Priest, McCleave, Johnson and Spradlin cases and did not constitute a violation of the statute entitling the defendant to a new trial.

█ Questions not required to be presented and preserved in a motion for a new trial have been examined and the transcript shows complete compliance with respect to all matters necessary to be considered by this court "upon the record before it." Supreme Court Rule 28.02; V.A. M.S. § 547.270. The information appropriately charges the appellant with the offense of burglary in the second degree, V.A.M.S. § 560.070, and grand larceny, V.A.M.S. § 560.155, the verdict is in proper form and

responsive to the information, V.A.M.S. § 560.095(2), 560.110, there was allocution and the sentence and judgment are responsive to the verdict. V.A.M.S. §§ 546.550, 546.560, 546.570. Since no error is found or demonstrated upon the transcript the judgment is affirmed.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.