**STATE of Missouri, Respondent,**

**v.**

**Marvin Paul MICHAEL, Appellant.**

**No. 49192.**

Supreme Court of Missouri,

Division No. 2.

Oct. 8, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied Nov. 14, 1962.

Newmark & Baris, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Clyde Burch, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Marvin Paul Michael has appealed from a judgment whereby he was sentenced to eight years in a correctional institution after a jury found him guilty of burglary in the second degree. He has filed no brief so we consider the assignments of error properly made in his motion for new trial, Supreme Court Rule 27.20, V.A.M.R., and we review those portions of the record required by Supreme Court Rule 28.02, V.A. M.R.

The sufficiency of the evidence is not challenged and our statement of the facts may be brief. On Sunday morning, May 14, 1961, while two police officers were investigating the cause of an explosion, they saw appellant and another person run from a side door of a Kroger Company store located in Maplewood, Missouri. Appellant was immediately apprehended. The lock on the door had been "pushed off and the hasp broken." The other doors were locked, and the manager had locked the side door when he left the building the previous evening. In the store there was the odor of gunsmoke or powder, and an unsuccessful attempt to blow open the store safe had been made. Near the safe the police officers found a drill, saw, wrench, and "various tools, torches, hammers, chisels." Appellant did not testify and he offered no evidence in his behalf.

Appellant contends that the trial court erred in failing to give the jury an instruction on circumstantial evidence. While it would be difficult to imagine a more convincing set of circumstances indicating the commission of second degree burglary on the part of appellant, there was no direct evidence that he broke and entered the building, and of course the intent on his part in doing so could only be inferred from the circumstances. Therefore, this was a circumstantial evidence case, and upon proper request appellant was entitled to have the court instruct the jury on the collateral issue as to the effect of or weight to be given by the jury to circumstantial evidence. In this case, however, there was no proper request for the instruction.

Appellant orally requested the court to give "an instruction on circumstantial evidence." The trial court asked appellant's counsel, "Do you have one?" and he replied, "Not prepared." When the trial court asked: "What sort of an instruction are you talking about?," the only reply was, "Requesting an instruction on circumstantial evidence." Regardless of what duty the trial court may have to cor-

rect an offered improper instruction on a collateral issue, appellant was "required to call to the attention of the court any collateral question considered to be of importance to the defense by offering an instruction covering it." State v. Chaney, 349 S.W.2d 238, 245. This the appellant did not do, and the trial court is not to be convicted of error for failing to draft in its entirety an instruction on a collateral issue pursuant to an oral request such as was made in this case.

■ Appellant next contends that the trial court erred in failing to instruct the jury that the offense of burglary in the second degree is a violation of the laws of the State of Missouri, and also that it did not define the term "burglary in the second degree." The verdict directing instruction hypothesized facts which were supported by the evidence, and the jury was told that if it found beyond a reasonable doubt that those facts existed it should find appellant guilty of burglary in the second degree. It also correctly defined the terms "breaking and entering," "feloniously" and "burglariously." In this manner the offense charged was properly and adequately defined. There was no occasion to spell out in the instructions in specific language that the offense of burglary in the second degree is a violation of the laws of the State of Missouri. There is no merit to these two contentions.

■ Appellant next contends that error resulted by the admission into evidence of certain documents purporting to show a prior conviction of a felony in the State of California because they "were not authenticated to as provided by law" and because there was no proof that appellant was the person referred to in the documents. At the time the documents were offered no objection was made to their authenticity or to the manner in which they were authenticated. Any objection on that basis made for the first time in the motion for new trial is too late. The documents admitted into evidence showed a conviction of "Marvin P. Michael" for the offense of robbery in the first degree. Appellant was charged in this case under the name of "Marvin Paul Michael." It has frequently been held that the middle name of an individual forms no part of the Christian name. State v. Hands, Mo., 260 S.W.2d 14. Therefore the Christian and surname of the appellant and the Christian and surname shown on the record of previous conviction were the same. This established a prima facie showing of identity sufficient to establish a prior conviction under the habitual criminal act. State v. Romprey, Mo., 339 S.W.2d 746. In addition, the records contained the age and a description of the person referred to, and most important, a photograph of him. It was unnecessary for the court to rely solely upon the rule that the identity of the names was prima facie sufficient evidence of the identity of the persons. No error resulted in the admission into evidence of the documents as proof of a prior conviction of a felony on the part of appellant.

The last assignment of error in the motion for new trial is that "the trial court erred in overruling defendant's request for a mistrial based upon the prosecuting attorney's statement to the jury, in his closing argument, to wit: 'when the state had concluded its evidence in this case the defendant [defense] was free to offer any evidence it chose and none was forth coming.'" The word inserted in brackets is the one actually used by the prosecuting attorney according to the transcript.

■ Supreme Court Rule 26.08, V.A.M.R., provides that if the accused shall not avail himself of his right to testify such fact shall not be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place. See also Section 546.270, RSMo 1959, V.A.M.S. This means that if the prosecuting attorney referred, directly or indirectly, to appellant's failure to testify he is entitled to a new trial. State v. Hayzlett, Mo., 265 S.W.2d 321, 323. However,

it is permissible for the prosecuting attorney to point out to the jury in argument that certain facts are not disputed by any witness in the case. State v. Janes, 318 Mo. 525, 1 S.W.2d 137, 139. The prohibition is against comment that the accused did not testify; not that the defense did not offer any evidence. In State v. Hayzlett, supra, the prosecuting attorney commented in oral argument as follows: "When the State closed the evidence, what did the defense offer? They offered no evidence at all." In that case a complete and careful analysis was made of the prohibition that no comment may be made on the failure of the accused to testify, and it was held: "Any argument by a state's attorney urging the cogency and compelling force of the state's evidence and a conviction, especially in a case in which there are no witnesses and no evidence on behalf of the accused, may cause the jury to exercise their function of reasoning upon the evidence and finally to observe the apparent fact that the accused not only has no witnesses and no evidence but that he did not testify. But the arguments of state's attorneys under those circumstances do not constitute an infringement of the prohibition of the statute." The language used in this case is comparable to that in the Hayzlett case. We conclude that it was a permissible comment on the part of the prosecuting attorney that the defense offered no evidence to refute that of the state, as distinguished from an improper comment on the failure of appellant to testify. For comparable cases, in addition to the Hayzlett case, see State v. Ruck, 194 Mo. 416, 92 S.W. 706; State v. De Priest, 288 Mo. 459, 232 S.W. 83; State v. McCleave, Mo., 256 S.W. 814; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660; State v. Romprey, supra.

The amended information is in proper form and charges the appellant with the offense of burglary in the second degree. The record does not show that appellant was arraigned or that he entered a plea of not guilty, but he was tried as if he had been arraigned and entered a plea of not guilty. See Supreme Court Rule 25.04, V.A.M.R. Appellant and his counsel are shown by the record to have been present throughout all steps of the proceedings; the verdict is in proper form; the punishment was duly assessed by the trial court and is within the prescribed limits; and allocution was granted and the judgment is in due form.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.