STATE of Missouri, Respondent,

v.

Willie Cornelius THOMAS, Appellant.

No. 51006.

Supreme Court of Missouri,

Division No. 2.

Sept. 13, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Donald K. Gerard, Asst. Atty. Gen., St. Louis County, for respondent.

James A. Bell, St. Louis, for appellant.

STORCKMAN, Judge.

The defendant Willie Cornelius Thomas was charged, tried and convicted of burglary in the second degree. Section 560.045, RSMo 1959, V.A.M.S. At a hearing con-

ducted without the presence of the jury, the trial court found that the defendant had been convicted of prior felonies and assessed the punishment in accordance with the Habitual Criminal Act. Section 556.-280. The defendant's motion for new trial was overruled and he was sentenced to five years in the custody of the Department of Corrections.

■ The defendant was represented at the trial by counsel of his own choice. His counsel filed a notice of appeal and approved the transcript of the record on appeal but did not file a brief in this court. The Attorney General has briefed the case on behalf of the state. In this situation we review on appeal all assignments of error properly preserved in the motion for new trial and the essential portions of the record. Criminal Rules 27.20, 28.02 and 28.08, V.A. M.R.; State v. Turnbough, Mo., 388 S.W. 2d 781, 782[1].

The defendant did not testify or offer any other evidence. The evidence on behalf of the state tended to prove that on January 6, 1964, the home of Mr. and Mrs. John Chisum, located at 4002 Palm Avenue in the City of St. Louis, Missouri, was broken into and burglarized. When Mr. Chisum and his wife Lottie Mae left for work during the morning of that day, the doors and windows of their home were closed, locked and secured. At about 1:30 p. m., William Alphin, an officer of the St. Louis Metropolitan Police Department, and his cruising partner, Officer William Anderson, received a radio dispatch to investigate a report that prowlers were in the building at 4002 Palm. The Chisum home was located on the southwest corner of Palm, an east and west street, and Warne, a north and south street. The police officers drove to the place and parked their police car on Warne at the east side of the Chisum home. When they alighted, they saw a Negro man inside the house and Officer Alphin ran to the front of the house and Officer Anderson to the rear. When Officer Alphin reached the front, he saw a Negro man come out of the front door who, when he saw the police officer, turned around and ran through a glass storm door back into the house. Officer Alphin pursued the man and arrested him inside the home. Officer Anderson searched the house further, found another man hiding under a sink in the basement and arrested him.

Robert Beeks, another police officer, also received the report of prowlers and upon his arrival at the Chisum home he saw a man, later identified as the defendant, sitting behind the steering wheel of a 1959 Ford automobile which was parked in front of 4002 Palm with the motor running. Officer Beeks stopped his police car across the path of the defendant's car and began to question the defendant. Almost immediately thereafter, Sgt. Gay Carraway arrived at the scene and assisted Officer Beeks in questioning the defendant as to his presence in the area. The defendant first stated that he had brought his wife to the neighborhood and when requested to show them where she was the defendant got out of the car, walked down the street five or six steps and stopped. He then told the officers that that wasn't true and that he was in the neighborhood looking for a prostitute. When asked where she lived, the defendant again changed his story and simply said he was looking for a friend. The defendant told the officers that the 1959 Ford automobile belonged to him which was subsequently found to be correct.

While the defendant was being questioned, the police officers saw in plain view on the front seat of the automobile occupied by the defendant a three-quarter-length black leather coat and a pair of brown suede shoes. When questioned about the articles, the defendant replied that he didn't know how they got there. Mr. and Mrs. Chisum were called from their employment and identified the articles of clothing as belonging to their son. The articles were again so identified at the trial and were introduced into evidence over the defendant's objection.

The defendant and the other two Negro men found in the house were jointly charged with second-degree burglary. The defendant was granted a severance and tried separately. To the extent necessary the evidence will be referred to in greater detail in connection with the determination of the questions presented.

■ In assignments of error 3 and 8 of the motion for new trial, the defendant contends in substance that the evidence was insufficient to support the verdict and that the trial court erred in not directing a verdict in his favor at the close of the evidence. In determining the questions the appellate court must consider as true all evidence favorable to the state together with inferences that can reasonably be drawn therefrom and must reject contrary evidence and inferences. State v. Turnbough, Mo., 388 S.W.2d 781, 783[4]. When Mrs. Chisum, who was the last to leave, left the home that morning, the doors and windows were closed and fastened, and when she returned the glass panels in the front and back doors had been broken and the doors opened. The leather coat and suede shoes belonged to the son of Mr. and Mrs. Chisum and had been in an upstairs closet. They were found outside the house on the front seat of defendant's automobile open to view. Two of the persons involved were found and arrested in the house. The defendant was in his automobile parked on Palm Street in front of the house with the motor running. This and the other evidence in the case was clearly sufficient to establish that the offense of burglary in the second degree had been committed and that the defendant was a participant in the crime. State v. Durham, Mo., 367 S.W.2d 619, 621–622[2–5]; State v. Boothe, Mo., 364 S.W.2d 569, 571[1]; State v. Wall, 339 Mo. 111, 96 S.W.2d 36, 39[5]; State v. Young, 345 Mo. 407, 133 S.W.2d 404, 407 [10].

■ The defendant also contends that the court erred in overruling his motion to suppress the evidence in that the car was searched without probable cause and prior to any arrest. This contention is clearly without merit. All of the evidence tends to show that the black leather coat and the brown suede shoes were on the front seat of the automobile occupied by the defendant at the time the police arrived. The articles were not concealed but were in plain view of the police officers. No search was required to find them. The automobile was parked in front of the dwelling which was in process of being burglarized when the police arrived. Two of the burglars were still in the house where they were arrested. The defendant could not account for the presence of the articles in his automobile and gave equivocal and inconsistent explanations for his own presence. In these circumstances the police officers were fully justified in arresting the defendant and taking with them as evidence the coat and shoes. The trial court did not err in overruling defendant's motion to suppress and in admitting the articles in evidence. State v. Reagan, Mo., 328 S.W.2d 26, 28[1–4]; State v. Cantrell, Mo., 310 S.W.2d 866, 869 [6]; State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688, 693[6]; State v. Stokes, Mo., 387 S.W.2d 518, 522[7].

■ The defendant also contends that the evidence was insufficient to prove prior convictions and that the issue of punishment should have been left to the jury. The state identified and offered into evidence circuit court records of prior convictions and certified records of the Missouri State Penitentiary pertaining to the confinements. The defendant objected because some of the records were in the name of Willie Thomas while the information in the present case was against Willie Cornelius Thomas. Thereupon the state brought in a police officer who testified that he knew the defendant and knew him to be the same person who was charged in the previous cases under the name of Willie Thomas. Identity of names is prima facie evidence sufficient to establish the defendant's identity for the purpose of showing a prior con-

viction under the Habitual Criminal Act. State v. Reed, Mo., 298 S.W.2d 426, 428 [6]. Even a variation in one or more of the names is sufficient evidence to present to the trier of the facts whether the defendant is the same person referred to in the records. State v. Baugh, Mo., 323 S.W.2d 685, 691[8]. However, it is unnecessary for the state to rely solely upon the evidence arising out of the identity or similarity of names or the descriptions in the records because the police officer supplied positive testimony that the defendant and the person described in the records were one and the same person. The court did not err in assessing the punishment rather than leaving it to the jury.

■ The complaint that the court erred in permitting identification of the coat and shoes and their introduction in evidence prior to proof of the corpus delicti is without merit. Probably the testimony of Mrs. Chisum that the doors of her home which she had closed and locked when she left were both broken open when she returned was sufficient proof of the corpus delicti. State v. Jones, Mo., 227 S.W.2d 713, 716 [6]. But there is no doubt that the offense was proved. It is not essential that the corpus delicti be first in the order of proof. State v. Deyo, Mo., 358 S.W.2d 816, 819 [5]. The court has a discretion as to the order of proof and no abuse of discretion has been shown. State v. Holliday, 353 Mo. 397, 182 S.W.2d 553, 554[2]; State v. Pierson, 337 Mo. 475, 85 S.W.2d 48, 51[3].

■ The record affirmatively shows that the defendant did not offer an instruction but in his motion for new trial he asserts that the trial court erred in failing to give an instruction on circumstantial evidence because there was no direct evidence that the defendant broke and entered the home. Instruction 2–A in usual form told the jury that the mere presence of a person at or near the scene of the crime does not render that person liable as a participator

therein but, if such person by words or actions aids, abets, assists, advises or encourages the crime with the intent to do so, such person is equally guilty with the person or persons who actually commit the physical act. In order to return a verdict of guilty, it was not necessary for the jury to find that the defendant performed the physical act of breaking and entering the house. There was direct evidence that the defendant was aiding and abetting the commission of the crime. The transcript shows that the defendant did not offer or request an instruction on circumstantial evidence and the trial court did not err in failing to give one. State v. Michael, Mo., 361 S.W. 2d 664, 665–666[1, 2]; State v. Cox, Mo., 352 S.W.2d 665, 670[4].

■ The defendant further contends in his motion for new trial that the court erred in not giving an instruction on receiving stolen goods under the value of $50. The defendant did not request any instruction which includes, of course one of the kind he now asserts should have been given. The defendant was not charged with the offense of receiving stolen property. It is a separate and distinct offense and not a grade of or included in the offense of burglary in the second degree. See § 560.270, RSMo 1959, V.A.M.S. His possession of the property was not mentioned in the instructions given. The evidence regarding his possession of the property however was admissible as tending to show his complicity in the burglary of the dwelling. State v. Hays, Mo., 252 S.W. 380[4]; State v. McBride, Mo., 12 S.W.2d 46, 49[8]. The defendant was not entitled to an instruction of the kind described for the first time in the motion for new trial; he was not prejudiced by the court's failure to give one. State v. Crow, Mo., 388 S.W.2d 817, 820[7, 8].

■ During his opening summation to the jury, the circuit attorney stated: "Mr. Bell [defendant's counsel] told you at the start of this trial that the defendant didn't have to do anything at all; that the defense

didn't have to do anything but say to the State, 'Go out and prove me guilty beyond a reasonable doubt.' We have done that. And when the State concluded its case and all the evidence in this case from the State's standpoint, the defense was free to offer any evidence that they had, and none was forthcoming." The defendant objected and moved for a mistrial on the ground that the statement was a comment on the fact that the defendant had not taken the stand. Criminal Rule 26.08, V.A.M.R., forbids any attorney in the case from referring to the fact that the defendant did not avail himself of his right to testify in his behalf. It is not a violation of the rule, however, for the prosecutor to refer generally to the fact that no evidence was offered by the defense that the state's case stands uncontradicted. State v. Michael, Mo., 361 S.W. 2d 664, 666–667[8]; State v. Hayzlett, Mo., 265 S.W.2d 321, 324[5, 6]; State v. Janes, 318 Mo. 525, 1 S.W.2d 137, 138[3]. See also State v. Romprey, Mo., 339 S.W.2d 746, 755 [25]. The court did not err in refusing to declare a mistrial.

■ The remaining assignment of error is that the verdict is against the weight of the evidence. Whether the verdict in a criminal case is against the weight of the evidence is a matter addressed solely to the trial court. State v. Bagley, 339 Mo. 215, 96 S.W.2d 331, 335[13]. The assignment presents nothing for review by this court.

We have considered all assignments of error in the motion for new trial and find them to be without merit. The defendant was present and represented by counsel throughout the trial including his allocution and sentencing. We have also examined the parts of the record and the entries designated in Criminal Rules 28.02 and 28.-08, V.A.M.R., and find them to be proper in form and free from error.

The judgment is affirmed.

All of the Judges concur.