STATE of Missouri, Respondent,

v.

James Beard HODGE, Appellant.

No. 51180.

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, William A. R. Dalton, Sp. Asst. Atty. Gen., Springfield, for respondent.

Wyvetter H. Younge, St. Louis, for appellant.

BARRETT, Commissioner.

The appellant James Beard Hodge, with prior felony convictions, including a federal narcotics conviction (RSMo 1959, § 195.200(1) (5), V.A.M.S.), has been found guilty of possession of heroin, a narcotic drug, and sentenced to ten years' imprisonment. After alleging the prior convictions (RSMo 1959, § 556.280, V.A.M.S.), the information alleged, in the language of the statute (RSMo 1959, § 195.020, V.A.M.S.) a violation in that on March 13, 1964, the appellant "did then and there unlawfully and feloniously have in his possession and under his control, a certain quantity of a narcotic drug, to wit: sixteen capsules of Heroin, of the total weight of 1.16 grams." State v. Virdure, Mo., 371 S.W.2d 196, 198; State v. Worley, Mo., 375 S.W.2d 44, 47.

The proof in support of the charge was that at 2:20 in the morning of March 13 police officers Homann and Zelle were patrolling the Sarah Avenue and Enright Street areas. They were proceeding south on Sarah when they "observed a man walking north on the west side of Sarah towards us, and he was acting suspiciously; he was very nervous; he was looking around, and we pulled up and stopped him, and when we got out of the car—we were in an unmarked car—he realized we were (uniformed) police officers, and threw a small bottle that he was holding in his right hand away." Homann said that as they pulled to the curb "he was seen with his right hand to drop an object to the sidewalk." Homann

picked up the "brown-colored bottle consisting of sixteen white capsules with a white powder substance in same" and, suspecting that the bottle contained narcotics, the officers arrested the defendant. He admitted dropping the bottle but said he did not "know what the contents of the capsules was." One of the officers took the bottle and its contents to the police laboratory and remained until a chemist analyzed the powder and informed the officer that it was in fact heroin. The technician who examined the capsules testified that all sixteen contained heroin with a total weight of 1.16 grams or 1160 milligrams.

While proof establishing constructive possession of the narcotic drug is sufficient (State v. Worley, Mo., 375 S.W.2d 44, 47), the circumstances adduced here are almost identical with the facts and circumstances in State v. Owens, Mo., 391 S.W.2d 248, and needless to say sustain the jury's finding of the appellant's guilt. One of the appellant's seven assignments of error is that the jury verdict is against the weight of the evidence in that the state failed to "prove that the Defendant had possession of the narcotic drug" but the weight of the evidence is not an open question in this court. State v. Perkins, Mo., 382 S.W.2d 701, 703.

Another of the assignments is that "the errors committed by the Court as alleged in paragraphs 1, 2, 3, 4, and 5 were so highly prejudicial as to deprive the Defendant of a fair trial as guaranteed by Article I, Section 18(a) and Article I, Section 10 of the Missouri Constitution [V.A.M.S.], and Article VI and Article XIV of the Constitution of the United States of America." While the five individual specifications are sufficient in and of themselves as to their specific subject matter, this particular assignment is so lacking in detailed particularity and specification of grounds or causes (Criminal Rule 27.20(a), V.A.M.R.) that it does not present a reviewable question, it certainly does not raise or present any question of constitutional law or of the infringement of constitutional rights.

Two of the specific assignments of error have to do with the appellant's exercise of his right not to testify. RSMo 1959, § 546.270 V.A.M.S.; Criminal Rule 26.08. In one assignment it is asserted that the court erred in failing to instruct the jury that no inference was to be drawn from his failure to testify or that his failure to testify "shall not be construed to affect the innocence or guilt of the accused." In the other assignment it is urged that in violation of the rule and the statute the prosecuting attorney in his argument "referred" to his failure to "testify" and that, therefore, he is entitled to a new trial. Criminal Rule 26.08; RSMo 1959, § 546.-270, V.A.M.S. As to the first assignment it is not necessary to consider the rationale of the rule in detail, it is sufficient to say that the mere refusal of such an instruction is not in and of itself prejudicial error. State v. Perkins, Mo., 382 S.W.2d 1. c. 707; State v. West, Mo., 356 S.W.2d 880, 882. In addition to the usual analysis and reasons given in considering alleged violations of the rule and the statute (State v. Conway, 348 Mo. 580, 585–589, 154 S.W.2d 128, 132–134; State v. Kennedy, Mo., 396 S.W.2d 595, 598–599) it may be observed in passing that the rule and the statute not only prohibit "any attorney in the case" from referring to the defendant's failure to testify, the fact may not "be considered by the court or jury before whom the trial takes place" (Criminal Rule 26.08; RSMo 1959, § 546.270, V.A.M.S.) and it is not readily apparent in view of this prohibition just how the court could properly instruct the jury on the subject.

The specific language complained of is contained in this portion of the prosecutor's closing argument: "The State has brought you three witnesses whose testimony you had an opportunity to observe, whose demeanor on the stand you had an opportunity to observe, whose truthfulness,

whose honesty you had an opportunity to observe, and a chemist whose experience has been explained to you, whose background has been explained to you. The State has brought you a case that is complete and overwhelming amount of evidence to prove not only beyond a reasonable doubt, not a shadow of doubt but without any doubt that James Beard Hodge on the street was in possession of this heroin. *And at the close of the State's case the defendant had an opportunity to present any evidence that they wanted to show, and none was forthcoming, and on the basis of the evidence you must base your verdict, and I say your verdict must be guilty.* Thank you." In this connection it must be noted that not only did the appellant not testify he called no witnesses and of course offered no evidence. Again upon this record and assignment of error it is not necessary to consider the subject in detail, the emphasized sentence is a paraphrase of the language employed in State v. Hayzlett, Mo., 265 S.W.2d 321, and State v. Michael, Mo., 361 S.W.2d 664, and certainly in its context is not an infringement of the rule and statute. State v. McCleave, Mo., 256 S.W. 814; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660; State v. Janes, 318 Mo. 525, 1 S.W.2d 137.

There is no objection to the principal instruction which as with the information submitted in the language of the statute the defendant's guilt or innocence of the offense of possession of narcotics. But in connection with the principal offense and consideration of the case as a whole the jury was told that in determining the essential fact of possession it could consider all the facts and circumstances, that it was not necessary to prove intent, also reasonable doubt was instructed upon, and finally in a separate paragraph of a single sentence the jury was told that the only issue submitted for its finding was whether "the defendant is guilty or not guilty" of the charge of possession of narcotics. The sentence concluded by saying that if the jury found the defendant guilty "you will not fix or assess any punishment for any guilt." While the drug regulations act (Chapter 195, RSMo 1959, V.A.M.S.), as a matter of fact the Uniform Narcotic Drug Act, prescribes different penalties for multiple convictions (RSMo 1959, § 195.200, V.A.M.S.), the appellant in this instance was proceeded against as a second offender (R SMo 1959, § 556.280, V.A.M.S.), the so-called habitual criminal law, and of course if that statute is applicable and the prior conviction found, the court, upon a jury verdict of guilt of the principal offense, not the jury fixes the punishment and the language quoted from Instruction 3 was designed to cover this particular subject. Juries in other cases have been advised of this matter in other instructions, sometimes in the principal instruction (State v. Hadley, Mo., 364 S.W.2d 514, 518), and sometimes elsewhere. There is no particularly required place or formula and it is not necessary to here attempt one, it is sufficient to say that the instruction given in other cases would appear to be preferable in both form and substance to the paragraph quoted from Instruction 3. See for example: State v. Hadley, Mo., 364 S.W. 2d 514, 518, and State v. Newman, Mo., 391 S.W.2d 207, 210.

■ But the problem here is whether for the reason assigned, that it is ambiguous in that the only issue submitted was "guilty or not guilty" of illegal possession of a narcotic drug, the instruction is prejudicially erroneous. The appellant does not point out just what the other issues were or precisely what he means by the assignment, nevertheless it has heretofore been held that a comparable submission was not misleading and did not place undue emphasis upon the word "guilty." State v. Hadley, supra. And here, as indicated, the purpose of the instruction was to inform the jury, as they must be informed under the second offender law, that they were only concerned with a finding of guilt or innocence and were not concerned with the fixing of pun-

ishment. While this particular form of instruction is not recommended it is not manifestly and prejudicially erroneous for the particular reasons urged in this motion for a new trial.

■ Instruction 6 is one of the standard, formal, precautionary instructions on the subject of presumption of innocence, credibility of witnesses and reasonable doubt. The appellant's fourth assignment of error is that in connection with the presumption and reasonable doubt the instruction contains the language "to your satisfaction and beyond a reasonable doubt." It is urged that in employing this language the court "instructed the jury contrary to the law of the State of Missouri" and that "the Court erred in instructing the jury that the standard of the Burden of proof was to the jury's satisfaction in conjunction with a presumption of innocence." The meaning of this assignment is not entirely clear, if it means that the quoted language has the effect of destroying or conflicting with the "presumption of innocence" as set forth in the instruction, the court in State v. Caffey, Mo., 365 S.W.2d 607, 612, had this to say: "The phrase 'to your satisfaction' is used in the *conjunctive* with the phrase 'beyond a reasonable doubt' as is also the phrase 'to a moral certainty.' As so used and joined they do not whittle away or minimize the defendant's rights and the presumption of innocence to which he is entitled." And again, as State v. Caffey points out, this is not a recommended burden of proof instruction but the problem is "whether this instruction was prejudicial to the defendant" (State v. Nerzinger, 220 Mo. 36, 49, 119 S.W. 379, 383) and up to now it has not been demonstrated that this particular language so misplaces the burden of proof as to constitute manifest prejudice and error. State v. Cheatham, Mo., 340 S.W.2d 16; State v. Gridley, Mo., 353 S.W.2d 705; State v. Pennington, Mo. App., 392 S.W.2d 5.

■ Instruction 8 was upon the subject of "argument of counsel" and the appellant's fifth assignment is that the court erred in giving it "because said instruction instructed the jury that the Attorneys in the cause could show the jury how to apply the law given by the Court in this case." Aside from its lack of detailed particularity or more appropriately its lack of demonstration of inapplicability, the instruction did not employ any language comparable to that stated in the assignment. The instruction in fact said, "The argument of counsel is for the purpose of aiding you to reach a proper verdict in the cause by refreshing in your mind the evidence which has been given to you in this cause, and by showing the application of the law thereto." And the instruction continued by cautioning the jury "but whatever counsel may say, you will bear in mind that it is your duty to be governed in your deliberations by the evidence as you understand it and remember it to be, and by the law as given by the Court in these instructions." The instruction was cautionary in purpose (State v. Tighe, Mo., 289 S.W. 829), it is almost identical in form and content to the one involved in State v. Farrell, 320 Mo. 319, 6 S.W.2d 857, and entirely proper in this case.

The appellant's assignments of error are not well taken, the punishment was within the statutory limits for a second offender (RSMo 1959, §§ 195.200, 556.280, V.A.M. S.), there was allocution (Criminal Rules 27.08–27.09) and compliance with all the required formalities, there are no errors upon the record before the court (Criminal Rule 28.02) and for the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.