**STATE of Missouri, Respondent,**

v.

**Howard MORGAN, Appellant.**

No. 54097.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Opinion Modified on Court's Own Motion
Sept. 8, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied Sept. 8, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Max Von Erdmannsdorff, Special Asst. Atty. Gen., North Kansas City, for respondent.

George D. Chopin, St. Louis, for defendant-appellant.

HOUSER, Commissioner.

This is an appeal from a judgment of conviction of second degree burglary and felonious stealing, § 560.110, RSMo 1959, V.A.M.S., in which concurrent sentences of five years for burglary and two years for stealing were imposed.

Appellant's only point is that the court erred in failing to sustain his motion for a mistrial because of the repeated references by the prosecuting attorney in his closing argument to appellant's failure to adduce testimony in his own behalf. Section 546.-270, RSMo 1959, and Criminal Rule 26.08, V.A.M.R. provide that if the accused shall not avail himself of his right to testify the same shall not be referred to by any attorney in the case nor be considered by the court or jury.

(1) In the prosecuting attorney's opening argument to the jury he outlined the evidence showing that a burglary occurred; that the prosecuting witness encountered the burglar standing in the hall of her living quarters; that he took her radio, threatened her and left. He recounted her identification of defendant and an officer's corroborating testimony. Then he said: "Now, at the end of the State's case the defense then has an opportunity to present any witnesses or any evidence that it may have in its case. The only evidence the defense was able to come up with was

they claim there's a discrepancy in the preliminary hearing, which is the proceeding which goes on just after the arrest to see if there's enough evidence to hold a man. They say at that hearing Mrs. Green said she lived at 2715 Kensington. Well, obviously there's a mistake there. There's no 2715 Kensington in the City of St. Louis. Either the reporter who took it down made a mistake or Mrs. Green was mistaken when she said it but I don't think there's any real contention over the fact she lives at 2715 Warne. It's from that address that Officer Jablonski saw the defendant leaving with the radio. Now, the defense produced no other evidence for which you can judge the facts on his side of the case."

At that point appellant's counsel made an objection and a motion for mistrial. The court sustained the objection, in the presence of the jury, but denied a mistrial. Court and counsel then entered into a colloquy outside the hearing of the jury during which the judge reversed his position, concluding after discussion that under the decided cases this line of argument is permissible. When the court reconvened the jury was not informed of the court's reversal of its ruling.

(2) The prosecutor continued: "Now, the defense in every case has an opportunity to present any witnesses they would like or any evidence they would like to present to you to prove that the defendant is not guilty of the charge, that he's not present when the crime occurred or perhaps that the property which he's accused of stealing is his, but in this case the defense has seen fit to put on absolutely no evidence at all to show that the defendant in this case is not guilty. That's something you should seriously consider in your deliberations.

"MR. CHOPIN: May my objection run to this whole line of argument, if the Court please?

"THE COURT: It may.

"[The prosecuting attorney]: The State's evidence then consists, and the evidence before you, of the positive identification of Mrs. Green who has seen the defendant before and positively identified him here in Court in your presence, of the testimony of Officer Jablonski who saw the defendant driving away from in front of Mrs. Green's home and, further, from the fact that from the defense—* * * no evidence was forthcoming to contradict any of the evidence brought to you by the State."

(3) In the course of the argument made by defendant's counsel he stated that defendant did not have to prove his innocence; that the State is required to prove his guilt. In his closing summation the prosecutor, commenting on defense counsel's argument, accepted defendant's proposition, stating that the State had shown beyond a reasonable doubt that defendant was "the man who burglarized this apartment and took the radio, but after the State does finish with its case anyone who is charged with a crime has the opportunity to bring forth witnesses and evidence in the case in his behalf. Now, if any of you are charged with a crime as serious as this and you could prove you were not guilty surely you would bring forth evidence to show that." To this argument counsel for defendant made an objection and a request that the jury be instructed to disregard it. The court sustained the objection and so instructed the jury.

(4) After further argument the prosecutor closed with the following: "Therefore, based on this evidence, based on the positive identification by the woman, based on the testimony of Officer Jablonski that the defendant had the radio, drove away from the lady's house about approximately the same time in the morning and furthermore by the fact that the defense produced no evidence to show that any of the State's evidence is incorrect, I respectfully ask you to bring back as your duty as jurors a verdict of guilty in this case."

No further objection or request was made.

Appellant argues that the argument went too far; that its cumulative effect was prejudicial to defendant; that it was the prosecuting attorney's intention to "make capital" out of defendant's failure to testify, "skirt around the prohibited language" and "go as far as he could." Appellant points out that during the colloquy the court twice admonished the prosecutor not to comment "in any respect" on defendant's failure to testify; that the prosecutor "at least indirectly" referred to defendant's failure to testify by commenting on defendant's failure to prove specific defenses which lie normally within the sole knowledge of a defendant.

■ The point is disallowed. As to (1): The prosecutor's reference to defendant's opportunity to present any witnesses or evidence he may have; his comments with reference to "the only evidence the defense was able to come up with," and to the failure of the defense to produce other evidence from which the jury could judge the facts favorable to the defendant, all related to the weight of the evidence and as such were permissible under the present state of the law. For example, there is no error in refusing to declare a mistrial for arguing that "the defense was free to offer any evidence that they had, and none was forthcoming," State v. Thomas, Mo.Sup., 393 S.W.2d 533, 538 [12]; State v. Hodge, Mo.Sup., 399 S.W.2d 65, 68 [5], or that " 'The State's evidence stands uncontradicted in this case. When the State has concluded its case, the defense was free to offer any evidence it chose.' " State v. Siekermann, Mo.Sup., 367 S.W.2d 643, 651 [17]. And see five similar rulings cited and quoted from on pages 651 and 652. As stated in State v. Michael, Mo.Sup., 361 S.W.2d 664, 667, the prohibition of § 546.270, RSMo 1959, and Criminal Rule 26.08 is against comment that *the accused* did not testify; not that the defendant did not offer any evidence.

■ As to (2): State v. Craig, Mo.Sup., 406 S.W.2d 618, 624 [12], held that the comment that the testmony of the state's

witnesses is "uncontradicted" is not an improper comment on defendant's failure to testify, citing State v. Willis, Mo.Sup., 328 S.W.2d 593, and authorities, 1. c. 595. This was followed by State v. Hampton, Mo.Sup., 430 S.W.2d 160, to the same effect.

■ As to (3): The court sustained the objection and instructed the jury to disregard the argument. No other or further relief was requested.

■ As to (4): There was no objection, but assuming that defendant's general objection would cover it, what we have said as to (1), supra, fully answers a general objection to this comment.

■ Appellant makes the further argument that the prosecuting attorney's comments were improper because the state's case that defendant stole this radio could only have been denied or contradicted by defendant; that it is error "to charge failure to prove specific defenses which are normally within the sole knowledge of defendant." This is an effort to come within the rule, applied in State v. Snyder, 182 Mo. 462, 82 S.W. 12, that where the defendant is the only person who could or would have contradicted the evidence offered by the prosecution, a statement that that evidence is uncontradicted is held to refer to defendant's failure to testify and thus is improper. See Anno. Accused's Failure to Testify—Comment, 14 A.L.R.3d 723, II, § 4, p. 730. One difficulty with this argument is that the prosecuting witness' testimony indicates that during the time defendant was in her apartment there was a car in front of the building "with somebody else in it"—persons whom she could hear "laughing and honking and every now and then they would toot the horn for him to come down" and that "there was some more laughing and talking when [defendant] got down in the car." Directly thereafter a police officer saw defendant pull away in an automobile from in front of the apartment. He stopped the car and found therein the defendant, two male compan-

ions, and the radio identified by the prosecuting witness as the property stolen from her apartment. In other words there were witnesses apparently available to defendant who conceivably could have contradicted the state's witness with respect to the manner in which the person who entered the apartment gained access thereto, the identity of the person who came downstairs from the apartment, the ownership of the radio, how it happened to be in the automobile, etc. In such case the jury could not reasonably conclude that defendant was the only person who could have contradicted the state's case and the rule contended for is inapplicable. State v. Hampton, supra, 430 S.W.2d, l.c. 163 [3]. And see State v. Reynolds, 345 Mo. 79, 131 S.W. 2d 552, 557 [12] and State v. Murray, Mo. Sup., 280 S.W.2d 809. In Reynolds the court found that the following remarks by the prosecuting attorney, " 'Why, there is only one side to it. Is there anybody, any living soul told you that [the appellant] did not enter that cab that night,' " did not constitute a reference to the failure of the appellant to testify; that the remarks referred to a matter about which two persons might have known beside the appellant; that "A defendant cannot tie the hands of the prosecutor merely by putting on no evidence at all."

█ Appellant further complains of the prosecutor's statement that "in this case the defendant has seen fit to put on absolutely no evidence at all to show that the defendant in this case is not guilty" as an incorrect statement of the burden of proof and a contravention of the presumption of innocence. No such objection was made at the trial, and no such point was preserved in the motion for new trial, hence this objection was waived.

Finally, appellant for the first time on appeal complains of that portion of the argument putting the jurors in defendant's shoes. This likewise is an afterthought, waived by failure to raise or present the point to the trial court.

Nor has it been demonstrated to our satisfaction that the cumulative effect of the foregoing requires the intervention of this court under the caveat expressed in State v. Varner, Mo.Sup., 329 S.W.2d 623, 633 [18].

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

STORCKMAN, J., and HENLEY, Alternate Judge, concur.

SEILER, P. J., concurs in result in separate opinion filed.

HOLMAN, J., not sitting when cause was submitted.

OPINION CONCURRING IN RESULT

SEILER, P. J. (concurring in result).

In view of State v. Baker (Mo.Sup.) 439 S.W.2d 515, where I dissented on the argument point and was overruled, I feel I have no choice but to concur in result in the main opinion. However, in my opinion, for us to approve argument of the sort here used by the prosecutor is to invite prosecutors to continue to see how far they can go in indirectly calling to the attention of the jury the failure of the defendant to testify, despite the forthright language of Sec. 546.270, RSMo 1959 and our Rule 26.08 that no reference shall be made to the fact. We recently held the trial judge could not in a civil case countenance the doing indirectly of that which he knew could not be done directly, Will v. Gilliam (Mo.Sup.) 439 S.W.2d 498. The same should be true in a criminal case, where defendant's liberty is at stake. No one can be so naive as not to know that what the prosecutor is really driving at in this kind of argument is the failure of the defendant to testify,

which the jury should consider against him, because "if * * * you [were] charged with a crime as serious as this and you could prove you were not guilty surely you would bring forth evidence to show that."[1]

The state had a strong case here against defendant (as the trial court pointed out in trying to restrain the prosecutor's arguments) and there was no impelling need I can see for the prosecutor to flirt with the chance of reversible argument. An examination of the cases where this contention has been made of improper argument which in effect comments on the defendant's failure to testify shows that almost without exception they have been cases where the state had a strong case. Sooner or later a prosecutor will push his luck too far when there really is no reason to do so.

1. The court sustained an objection to this argument, but it shows what the prosecutor was trying to convey to the jury.