STATE of Missouri, Respondent,

v.

Robert Darryle HAMPTON, Jr., Appellant.

No. 43771.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

William Shaw, Public Defender, Lauren Weisfeld, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of two counts of robbery in the first degree, violations of § 569.020, RSMo.1978. He was sentenced to two concurrent terms of ten years' imprisonment, said sentence to run consecutive to a previous sentence of two ten year concurrent terms for first degree robbery. He appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence. The jury could have found that on February 18, 1980, at approximately 9:00 p.m., defendant and two companions knocked on the door of 7061 Corbitt in University City. Clarence Tucker answered the door and defendant requested to see Clyde Thompson. Thompson, Tucker, and a third man, Graham, lived in the house. Tucker and Thompson had seen defendant on two other occasions, but did not know either of the two men with him. After visiting for a while with Tucker, one of defendant's companions pulled out a gun and announced a robbery. Tucker, Graham and Thompson were tied together with a telephone cord and the house was ransacked. The three men took property belonging to both Thompson and Tucker. Defendant did not take the stand and presented no evidence.

On appeal, defendant contends the court erred in failing to declare a mistrial when the, "state made an indirect reference to the failure of the appellant to testify." The assistant prosecuting attorney stated, "You heard uncontradicted testimony that a robbery occurred and both of these men were the victims and this man participated in the events." The defendant objected and requested a mistrial, but specifically requested that the court not admonish the jury. Defendant's objection was overruled and his request for a mistrial was denied.

■ It is well settled that an accused has the right to remain silent and the state may not refer to the defendant's failure to testify. Mo. Const. Art. 1, § 19; § 546.270, RSMo.1978; Supreme Court Rule 27.05(a).

■ However, a reference to the "uncontradicted evidence" by the state has long been held not to constitute an improper comment on defendant's failure to testify. *State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982); *State v. Jones,* 491 S.W.2d 271, 274 (Mo.1973); *State v. Morgan,* 444 S.W.2d 490, 493 (Mo.1969); *State v. Craig,* 406 S.W.2d 618, 624 (Mo.1966); *State v. Siekermann,* 367 S.W.2d 643, 651 (Mo.1963). We find no merit to defendant's point.

In defendant's only other point, he asserts the trial court erred in rejecting his offer of proof and sustaining the state's objection to cross-examination of one of the complaining witnesses because that prevented the defendant from attacking the witness' credibility through a prior inconsistent statement.

■ Defendant has wholly failed to provide this court with the witness' prior inconsistent statement. It is not in the transcript nor is it in a deposition filed with the record in this case. Defendant's offer of proof established no prior inconsistent statement. Defendant's bold assertion does not prove itself. *State v. Gant,* 586 S.W.2d

755, 766 (Mo.App.1979). The court of appeals can only consider those matters presented on the record made in the lower court. *State v. Collett,* 526 S.W.2d 920, 929 (Mo.App.1975). Moreover, even if defendant's assertion of a prior inconsistent statement was true, the court committed no error. The court is permitted broad discretion in determining the possible scope of cross-examination on collateral matters for the purpose of impeachment. *State v. Myers,* 538 S.W.2d 892, 897 (Mo.App.1976). We have reviewed the record and conclude that the questions asked the witness were irrelevant and did not logically tend to support or establish a fact or issue. Consequently, the trial court did not abuse its discretion.

Affirmed.

CRANDALL and CRIST, JJ., concur.