STATE v. FRED HOLLIDAY, Appellant.—No. 39113.—182 S. W. (2d) 553.

Division Two, Otcober 9, 1944.

*Roy McKittrick*, Attorney General, and *Lawrence L. Bradley*, Assistant Attorney General, for respondent.

398

██ TIPTON, J.—The appellant was convicted of manslaughter in the circuit court of the City of St. Louis, Missouri, and sentenced to imprisonment in the penitentiary for ten years.

██ Appellant's first assignment of error is that the trial court erred in overruling his motion to quash the indictment. The indictment charges that appellant on June 3, 1943, in the City of St. Louis, "feloniously, wilfully and unlawfully" made an assault on James Lafton with an ice pick, and "feloniously, wilfully and unlawfully" did strike, cut and stab the said Lafton, inflicting a mortal wound of which he died, and that in such manner, appellant "feloniously, wilfully and unlawfully did kill and slay" Lafton.

██ Section 4382, R. S. Mo. 1939, defines the offense of manslaughter as follows: "Every killing of a human being by the act, procurement or culpable negligence of another, not herein declared to be murder or excusable or justifiable homicide, shall be deemed manslaughter."

The indictment charges that appellant "wilfully and unlawfully" killed the deceased. "Wilful" means intentional, that is to say, that the killing of deceased was not excusable. "Unlawful" means there was no legal justification for killing of the deceased. Since the indictment omits the elements of first and second degree murder, it sufficiently charges the crime of manslaughter. The motion to quash the indictment was properly overruled.

██ Appellant's next assignment of error is stated as follows: "The Court erred in allowing the trial to proceed by the testimony of the State's witness, Louis Green, without first proving corpus delicti." The exact point was raised in the case of State v. Pierson, 337 Mo. 475, 85 S. W. (2d) 48, 1. c. 51 and 52. In ruling this point, we said:

"In matters of this kind we think it best that trial courts should not be hampered with hard and fast rules, but should be left free to determine such matters in their judicial discretion, subject, of course, to review on appeal if it appears that the discretion has been abused to the prejudice of the complaining party. We perceive no such abuse of discretion or prejudice in this case."

In this case, the corpus delicti was later proven and the trial court did not abuse his discretion on this objection.

██ The appellant, also, contends that his alleged confession should not have been admitted because the jury was not excluded from the

court room and a preliminary examination was not held to determine if the confession was voluntary.

When appellant objected to the introduction of the confession because it was involuntary, the court heard evidence relative to whether the confession was voluntary or involuntary, and appellant's attorney cross-examined the witness on this question. The record, also, shows that when appellant presented his case, the question of whether the confession was voluntary or involuntary was fully developed before the jury. At no time during the examination did the appellant object to the fact that the hearing was being conducted in the presence of the jury.

If the appellant had requested a preliminary hearing on the question of whether the confession was voluntary or involuntary, it would have been error not to have granted the request. State v. Gibilterra, 342 Mo. 577, 116 S. W. (2d) 88, l. c. 93, and cases cited therein. But the record fails to show such a request.

"Must the court on its own initiative, where an alleged confession is offered in evidence by the prosecution, conduct a preliminary investigation into the question of the voluntariness of the confession, or is such an investigation waived by the defendant by failure to object? The weight of authority is to the effect that the preliminary investigation may be waived, and that, in the absence of a proper objection or a request for a preliminary hearing, and in some instances in the absence of an offer of proof of involuntariness, the defendant cannot, on appeal, raise the issue that the trial court, before permitting the confession to be introduced in evidence, should have conducted a preliminary investigation into the question of its voluntary or involuntary nature, the court, at least in those jurisdictions in which a confession is prima facie voluntary, not being obliged to do so on its own initiative, if there is nothing in the circumstances shown at the time the confession is offered in evidence indicating that it was involuntary." 102 A. L. R. 625. See, also, State v. Roland, 336 Mo. 563, 79 S. W. (2d) 1050. This assignment of error is overruled.

█ Appellant contends that the prosecutor's argument to the jury that the appellant was a homosexual pervert was reversible error. Proof of the above fact was in the appellant's confession, in his oral statements to the arresting officers, and in the admission made by him on cross-examination. There was ample evidence in the record on which to base such statements made in the argument. Moreover, the court, in ruling on the objection, told the jury that they could only consider the evidence as it bore upon appellant's credibility, stating that the jury must keep in mind that the appellant was being tried "for manslaughter and only manslaughter." This argument was made in reply to appellant's argument that his reputation was good, and that his employer had testified his "conduct was that

400

of a perfect gentleman." Under these circumstances, the prosecutor had a right to make such comments.

Other points raised in appellant's brief were not presented in his motion for a new trial, and are, therefore, not preserved for our review.

Finding no reversible error in the record, the judgment of the trial court should be affirmed. It is so ordered. All concur.