**STATE of Missouri, Respondent,**

v.

**Jeanetta Yvonne MARSTON, Appellant.**

**No. 56676.**

Supreme Court of Missouri,
Division No. 1.

April 10, 1972.

Motion for Rehearing or to Transfer to
Court en Banc Denied May 8, 1972.

**482**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, Hill & McMullin, Kansas City, for appellant.

BARDGETT, Judge.

Appellant, Jeanetta Yvonne Marston, hereinafter referred to as defendant, was found guilty of Murder in the First Degree, a felony, by a jury which assessed her punishment at life imprisonment, the State having waived the death penalty, and from the judgment entered on said verdict the defendant appeals. We have jurisdiction. Art. V, Sec. 3, Const. of Mo.1945, V.A.M.S., as amended 1970.

The sole point raised on this appeal is that the Court erred in giving Instruction No. 3, the verdict-directing instruction on the crime of murder in the first degree, for the reason that said instruction did not require the jury to find that the homicide had been committed by the defendant *wilfully, deliberately,* and *premeditatedly.*

The Information charging defendant with Murder in the First Degree alleged that on November 26, 1970 defendant "did then and there unlawfully, wilfully, feloniously, premeditatedly and deliberately and of her malice aforethought, make an assault in and upon one Guy C. Robbins with a dangerous and deadly weapon, to-wit: .38 calibre revolver loaded with gunpowder and leaden balls, then and there inflicting upon the said Gyy (sic) C. Robbins a mortal wound. . . ." The information charged the crime in the classical sense, that is, it was not brought under the felony murder rule.

Instruction No. 3, of which defendant complains was as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on the 26th day of November, 1970, in the County of Jackson, State of Missouri, the defendant caused the death of Guy C. Robbins by shooting him, and

"Second, that the defendant intended to take the life of Guy C. Robbins, and

"Third, that the defendant considered taking the life of Guy C. Robbins and reflected upon this matter coolly and fully before shooting him,

then you will find the defendant guilty of murder in the first degree.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

"In determining whether the defendant is guilty of murder in the first degree, you must consider other instructions herein submitting whether or not the defendant acted in self-defense.

"If you do find the defendant guilty of murder in the first degree, you will fix her punishment at imprisonment by the Department of Corrections during her natural life."

It must first be recognized that the phraseology of the foregoing instruction is a substantial departure from the rather stilted phraseology used in the past in criminal cases. This instruction has been recommended by the Committee of the Missouri Bar on Criminal Pattern Instructions. Neither this instruction nor any other instruction so recommended has been either approved or disapproved by this Court. We must therefore consider the validity of the instruction as given without regard to its source. Nevertheless, we do acknowledge and appreciate the work done by the Missouri Bar Committee on Criminal Pattern Instructions.

It is obvious that the words willful, deliberate, and premeditated are not used in the instruction. Did the failure to utilize these words permit the jury to find the defendant guilty of murder in the first degree without regard to the essential elements of that crime set forth in § 559.010, RSMo 1969, V.A.M.S.? The answer is "no".

Sec. 559.010, supra, provides: "Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree."

■ The function of instructions is to transmit to the jury those legal propositions which the law requires to be satisfied before the jury can return a verdict. Numerous reported cases make it clear that whenever the statutory language of "willful, deliberate or premeditated" is utilized in an instruction it is desirable, if not necessary, for the court to define those terms in order that members of the jury will not employ their own private definitions of these words, and thereby misunderstand the instruction and the very nature of the elements of the crime submitted in the instruction. The function of the definition instructions is therefore to center the attention of the jury on the legal definition of the words in order that the jury can determine, under the evidence, whether the defendant is guilty of the offense submitted.

The instruction in the instant case substituted the definition of the words "willful, deliberate and premeditated" for the words themselves, and therefore if the language of the instruction correctly set forth the definitions of the statutory elements, the statutory elements have not in any sense been ignored, but to the contrary have been preserved in the instruction.

■ Re: "Willfully". "Willful" is a word that appears in § 559.010, supra, which sets forth the elements of Murder in the First Degree and it is therefore necessary that the homicide be committed willfully in order for the offense to be murder in the first degree. In previous cases the courts generally used the word "willful" as part of the instruction submitting murder in the first or second degree, and then defined "willful" as meaning intentionally, and not accidentally. State v. Stogsdill, 324 Mo. 105, 23 S.W.2d 22, 26; State v. Edwards, Mo.,

435 S.W.2d 1, 4. Willfully means "intentionally" or "knowingly" in defining a criminal offense. State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 321; State v. Holliday, 353 Mo. 397, 182 S.W.2d 553. Webster's Third New International Dictionary, Unabridged, defines "Willful" as "done deliberately; not accidental or without purpose: intentional; self-determined. . . ." What the instant instruction did was to eliminate a word—"willful"—that usually required definition and substituted for it the definition, to-wit: "that the defendant *intended* to take the life of . . ." (Emphasis ours.) In so doing the instruction became more clear to the jury and retained with unmistakable clarity the requirement that for a homicide to be murder in the first degree; it must be done willfully. By finding that the homicide was done intentionally, the jury found that it was done willfully.

[4, 5] Re: "Deliberate". The word "deliberate" also appears in § 559.010, supra, as one of the essential elements of first degree murder. The instruction submits this element in Paragraph Third which requires the jury to find "that the defendant considered taking the life of Guy C. Robbins and reflected upon this matter coolly and fully before shooting him. . . ." When the word "deliberate" or "deliberation" has been used in instructions in criminal cases in the past, it has been defined. While the wording of the definitions seems to vary somewhat, the common element running through the courts' efforts to define, describe or illustrate "deliberation" is that the defendant considered the matter of taking another's life in a "cool state of the blood," or with a "cool and deliberate state of mind." State v. Anderson, Mo., 384 S.W.2d 591, 608, is a good example of the form many definition instructions have taken. They are basically negative instructions that tell the jury what "deliberately" does not mean. The instruction in the instant case set the matter forth affirmatively and avoided the use of a term— "deliberate"—and thereby avoided the necessity of defining the term. Here Paragraph Third used ordinary words that have a common and ordinary meaning and which do not require further definition. We hold that if a jury finds in the affirmative on Paragraph Third they have found that the element of deliberation is present. The absence of the word "deliberate" from the instruction was not error.

Re: "Premeditated". Sec. 559.-010, supra, also includes "premeditation" as an element of first degree murder. "Premeditation means thought of beforehand for any length of time, however short." State v. Baber, Mo., 297 S.W.2d 439, 441; State v. Malone, 333 Mo. 594, 62 S.W.2d 909. This simply means that the defendant thought about what he was about to do before he did it. Paragraph Third of the instruction required the jury to find that defendant "considered taking the life of Guy C. Robbins and reflected upon this matter * * * before shooting him." If a jury finds in the affirmative on the issues submitted by Paragraph Third they have found that premeditation is present. There was no error in not using the word "premeditated" in the instruction.

State v. Cheek, Mo., 413 S.W.2d 231, was a case in which the defendant was convicted of murder in the first degree. On appeal the defendant contended that the instruction defining "deliberately" was erroneous because it did not include the words "considered or reflected upon." The Court held that the words willfully, deliberately and premeditatedly have overlapping meanings and looked to the definitions of all the words to determine whether error had been committed. The Court said, l. c. 236, "Under the various definitions in the instruction (considered together, as they must be), the jury was required to find that the act was intentionally done after having been thought of beforehand while defendant was in a 'cool state of the blood.'"

The instruction in the instant case set forth these concepts in simple, clear and easily understandable language. An affirmative finding by the jury of the mat-

ters set forth in this instruction constituted, in law, a finding that the homicide was committed willfully, deliberately and premeditatedly. There was no error in giving Instruction No. 3.

We recognize that other proposed instructions in criminal cases that have been prepared by the Committee of the Missouri Bar on Criminal Pattern Instructions have been circulated by that committee to members of the bench and bar, and that the circuit courts may from time to time use them. The circuit judge, with the aid of the attorneys involved, in any given case must make certain that the four tests mentioned in MAI 2nd, page XXIII have been satisfied. They are:

"(1) Is it a correct statement of law?

(2) Is it a complete statement?

(3) Is it concise?

(4) Is it stated in language the average juror can understand?"

The Court did not err in giving Instruction No. 3. The judgment is affirmed.

All of the Judges concur.