STATE of Missouri, (Plaintiff) Respondent,

v.

John Henry COLEMAN, (Defendant) Appellant.

No. 56812.

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Hill & McMullin, Kansas City, for appellant.

HOLMAN, Presiding Judge.

Defendant, John Henry Coleman, was charged with the offense of assault with intent to kill, without malice. A trial resulted in a verdict of guilty and his punishment was fixed by the jury at imprisonment for a term of two years. See § 559.-190.[1] He has appealed. We affirm.

There was evidence to support a finding that on August 21, 1970, defendant and Wardell Williams had an argument involving Ora Dean Johnson who had dated each of the men at one time or another. As Williams started to walk away one of defendant's friends handed him a pistol, and he shot Williams several times in the back. At the trial defendant denied that he did the shooting.

The only point raised on this appeal is that the court erred in giving Instruction No. 2, the main verdict directing instruction. Defendant concedes that he did not complain of this instruction in his motion for new trial but he asks that we review it under Rule 27.20(c), V.A.M.R., the plain error rule. Since this instruction was one recently recommended by the Missouri Bar Committee on Criminal Pattern Instruc-

tions, we have decided, in the exercise of our discretion, to consider this contention.

The statute (§ 559.190) simply provides that "Every person who shall be convicted of an assault with intent to kill * * * the punishment for which assault is not hereinbefore prescribed, shall be punished, etc." The information alleged that the shooting was done "feloniously, wilfully, on purpose." The instruction complained of submitted the offense as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on the 21st day of August, 1970, at the County of Jackson, State of Missouri, the defendant assaulted Wardell Williams by shooting, and

"Second, that he did so with intent to kill Wardell Williams, then you will find the defendant guilty of assault with intent to kill without malice aforethought.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

"If you do find the defendant guilty of assault with intent to kill without malice aforethought, you will fix his punishment: * * * *"

The two respects in which the instruction is said to be erroneous are (1) that it fails to require a finding that the assault was intentionally or wilfully done, and (2) it fails to define "malice aforethought" or "wilfully." We are carefully considering the instructions recommended by the Bar Committee as they come to us on appeal because we recognize that their form and phraseology differ considerably from that used in other criminal cases. We recently considered contentions in an appeal from a murder conviction that were similar to those here advanced and ruled them adversely to defendant. See State v. Marston, Mo., 479 S.W.2d 481.

1. Statutory references are to RSMo 1969, V.A.M.S.

Our ruling in Marston is controlling on the first contention in this case. The words "intentionally" and "wilfully" are synonymous. In discussing the omission of "wilfully" from the instruction in Marston, we said: "Willfully means 'intentionally' or 'knowingly' in defining a criminal offense. State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 321; State v. Holliday, 353 Mo. 397, 182 S.W.2d 553. Webster's Third New International Dictionary, Unabridged, defines 'Willful' as 'done deliberately: not accidental or without purpose: intentional; self-determined * * *.' What the instant instruction did was to eliminate a word—'willful'—that usually required definition and substituted for it the definition, to-wit: 'that the defendant *intended* to take the life of * * *.' (Emphasis ours.) In so doing the instruction became more clear to the jury and retained with unmistakable clarity the requirement that for a homicide to be murder in the first degree, it must be done willfully. By finding that the homicide was done intentionally, the jury found that it was done willfully." Likewise, in the instant case, the instruction required a finding that defendant shot Williams with intent to kill. That finding made it unnecessary that the jury be required to also find that the shooting was wilfully done. We accordingly rule the first point against defendant.

In regard to the second contention it was certainly unnecessary to define the word "wilfully" since it does not appear in the instruction. We also have the view that the failure to define "malice aforethought" was not error. While those words do describe an element of an assault under § 559.180, such is not an element of the offense proscribed in § 559.190 with which defendant was charged and convicted. As used in the instruction under consideration the words "without malice aforethought" were merely descriptive of the offense submitted. In the situation here presented we are of the opinion that it was unnecessary to define "malice aforethought" which, as stated, was not an element of the offense and to have done so would likely have been confusing to the jury.

We accordingly rule that Instruction No. 2 was not erroneous in any of the respects complained of.

Judgment affirmed.

BARDGETT, J., and BONDURANT, Special Judge, concur.

SEILER, J., not sitting.

