**STATE of Missouri, Appellant,**

v.

**LEE MECHANICAL CONTRACTORS, INC., Respondent.**

No. 78893.

Supreme Court of Missouri, En Banc.

Jan. 21, 1997.

Rehearing Denied Feb. 25, 1997.

John J. Duepner, Jr., Clayton, for Appellant.

David W. Harlan, Bradley G. Kafka, Valerie Held, St. Louis, for Respondent.

BENTON, Judge.

The State charged:

That Lee Mechanical Contractors, Inc., in violation of Section 290.250 RSMO., committed the class B misdemeanor of willful violation of the prevailing wages on public works, punishable upon conviction under Section 290.340 RSMO., in that on or about [18 specific dates between October 12 and November 4, 1993], in the City of Clarkson Valley, in the County of St. Louis, State of Missouri, Lee Mechanical Contractors, Inc., knowingly and willfully paid an employee, Robert House, to work for less than the rate of wages so fixed on the Marquette (Northeast) High School pro-

ject located in the Rockwood School District by paying him at the rate of $21.51 per hour when the prevailing wage for a sheet metal worker was $27.06 per hour. The circuit court sustained Lee's motion to dismiss the information, holding a statute unconstitutional. The State appeals. *Mo. Const. art. V, § 3; § 547.200.2.*[1] Reversed and remanded.

## I.

Before undertaking any construction, a public body shall obtain, from the Department of Labor and Industrial Relations, a schedule of the prevailing hourly rate of wages for each type of worker required. *§ 290.250.* The call for bids and the resulting contract must include this schedule. *Id.* "Prevailing hourly rate of wages" means "the wages paid generally, in the locality in which the public works is being performed, to workmen engaged in *work of a similar character* ...." *§ 290.210(5)* (emphasis added). "It shall be mandatory upon the contractor to whom the contract is awarded and upon any subcontractor under him, to pay not less than the specified rates to all workmen employed by them in the execution of the contract." *§ 290.250.* Any contractor who "willfully violates and omits to comply with" this requirement is criminally liable. *§ 290.340.*

Lee contends that sections 290.250, 290.210(5), and 290.340 violate the due process clause of the Fourteenth Amendment to the United States Constitution and article I, section 10 of the Missouri Constitution. Specifically, Lee claims that these sections are unconstitutionally vague because the terms "prevailing hourly rate of wages" and "work of a similar character" do not give adequate notice of the conduct prohibited.

## II.

Lee consistently emphasizes the Department's difficulty in enforcing the prevailing wage law, particularly in convincing courts what is "work of a similar character." *See Essex Contracting, Inc. v. City of DeSoto,* 775 S.W.2d 208, 215–16 (Mo.App.1989); *Essex Contracting, Inc. v. City of DeSoto,* 815 S.W.2d 135, 138–39 (Mo.App.1991). Before

the trial court, Lee introduced statements by two former directors of the Division of Labor Standards that an administrative rule was needed to describe the work of each type of worker, so that contractors could understand the law. As a result, effective March 15, 1994, the Department promulgated a work description rule to remedy these "longstanding deficiencies." *See Associated General Contractors of Missouri v. Department of Labor and Industrial Relations,* 898 S.W.2d 587, 590 (Mo.App.1995), discussing *8 CSR 30–3.060.* Because this rule took effect after its alleged violations, Lee concludes that it cannot be prosecuted under the prevailing wage law.

Lee's conclusion, however, relies on statements about the situation in general. "On a challenge that a statute or ordinance is unconstitutionally vague it is not necessary to determine if a situation could be imagined in which the language used might be vague or confusing; the language is to be treated by applying it to the facts at hand." *State v. Young,* 695 S.W.2d 882, 883–84 (Mo. banc 1985), citing *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). The issue here is whether Lee paid the prevailing wage for a "sheet metal worker" to an employee doing "work of a similar character." To this point in the case, there is no evidence of the scope of the employee's work, nor that of a sheet metal worker. For Lee to succeed, sections 290.250, 290.210(5), and 290.340 must be facially invalid, that is, they must proscribe no comprehensible course of conduct and cannot be applied to any set of facts. *See State v. Hatton,* 918 S.W.2d 790, 792–93 (Mo. banc 1996), citing *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371 (1982).

## III.

### A.

"Work of a similar character"—a linchpin to determine "prevailing hourly rate of wages" for each type of worker—is not defined in the prevailing wage law. In the context of a civil suit, this Court stated:

---

**1.** All statutory citations are to RSMo 1994 unless    otherwise indicated.

The contention that the phrase 'work of a similar character' is too vague to permit definition would seem to be without substantial merit. The character of the work to be performed on the proposed road or any of the construction work to be done by the district in carrying out the object of its creation would not appear to be so extraordinary as not to permit a ready classification of the employees by resort to means of common knowledge and experience in this state.

*City of Joplin v. Industrial Commission of Missouri,* 329 S.W.2d 687, 691 (Mo. banc 1959), quoting *Metropolitan Water District of Southern California v. Whitsett,* 215 Cal. 400, 10 P.2d 751, 757 (1932). *Cf. City of Kennett v. Labor and Industrial Relations Commission,* 610 S.W.2d 623, 626 (Mo. banc 1981).

■ The criminal context requires more careful scrutiny. *State v. Shaw,* 847 S.W.2d 768, 774 (Mo. banc), *cert. denied,* 510 U.S. 895, 114 S.Ct. 260, 126 L.Ed.2d 212 (1993). A criminal statute must convey adequate warning of the proscribed conduct when measured by common understanding and practices. *Id.* at 774–75, quoting *In re Trapp,* 593 S.W.2d 193, 202 (Mo. banc 1980); *State v. Allen,* 905 S.W.2d 874, 877 (Mo. banc 1995). A statute imposing criminal penalties must be sufficiently specific to give notice to a potential offender so that people of common intelligence do not have to guess at its meaning. *Young,* 695 S.W.2d at 884; *Shaw,* 847 S.W.2d at 774, citing *Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).

■ The constitutionality of statutes is not addressed in isolation, but by construing the whole statute with a strong presumption toward validity. *Shaw,* 847 S.W.2d at 776. In *Shaw,* this Court held that the term "unfair practices" was not unconstitutionally vague because the scienter element of the statute— "willfully and knowingly ... with the intent to defraud"—sufficiently cured any uncertainty as to the meaning of the term. *Id.* at 776, citing *Screws v. United States,* 325 U.S. 91, 102, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495, 1503 (1945). "A defendant cannot be found guilty unless the fact finder determines that he willfully and knowingly engaged in conduct that is unfair and that he did so with the specific intent to defraud his victim by means of the unfair practice." *Shaw,* 847 S.W.2d at 776.

## B.

■ In this case, section 290.340 requires the specific intent of "willfully" violating the prevailing wage law. The term "willfully" predates statehood and is still used despite its omission from the levels of scienter in the Criminal Code. *See, e.g., Territorial Laws Missouri 1804–1822, ch. 64, p. 208* (1808); *§ 236.500;* Comment to 1973 Proposed Code, *40 V.A.M.S. 234* (1979). Appellate courts in Missouri have generally held that in criminal offenses, "willfully" means "knowingly." *See State v. Mannon,* 637 S.W.2d 674, 678 (Mo. banc 1982); *State v. Marston,* 479 S.W.2d 481, 484 (Mo.1972); *State v. Foster,* 355 Mo. 577, 592, 197 S.W.2d 313, 321 (1946); *State v. Holliday,* 353 Mo. 397, 398, 182 S.W.2d 553, 554 (1944); *State v. Dumke,* 901 S.W.2d 100, 103 (Mo.App.1995). *But see Carter County School District v. Palmer,* 582 S.W.2d 347, 349–50 (Mo.App.1979). The General Assembly, in updating a pre-Code offense, has substituted "knowingly" for "willfully," implying that the terms are synonymous. *Compare § 374.280 with § 374.280 RSMo 1986.* Under the Criminal Code's scheme of culpable mental states, "willfully" as used in section 290.340 means "knowingly." *See § 562.016.*

■ Here, the State charged Lee with eighteen "willful" violations by "knowingly and willfully" paying an employee less than the prevailing wage for a sheet metal worker. In order to convict, the fact finder must be convinced beyond a reasonable doubt that Lee engaged in this conduct when it was aware of the nature of its conduct, or was aware that its conduct was practically certain to cause that result. This scienter element adequately cures any uncertainty as to the meaning of the terms "prevailing hourly rate of wages" and "work of a similar character" in sections 290.250, 290.210(5), and 290.340. *See Shaw,* 847 S.W.2d at 776; *Hatton,* 918 S.W.2d at 793; *State v. Mahurin,* 799 S.W.2d 840, 842 (Mo. banc 1990), *cert. denied,* 502 U.S. 825, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991);

*State v. Dale,* 775 S.W.2d 126, 131 (Mo. banc 1989). The statute, on its face, proscribes a comprehensible course of conduct and can constitutionally be applied to the facts charged. *See Hatton,* 918 S.W.2d at 792–93.

## IV.

The circuit court's judgment is reversed and the cause remanded for proceedings consistent with this opinion.

All concur.